ZIEVE, BRODNAX & STEELE, LLP
Erin M. McCartney, SBN 308803
Mark S. Krause, SBN 302732
Jonathan J. Damen, SBN 251869
30 Corporate Park, Suite 450
Irvine, CA 92606
Telephone: (714) 848-7920
Fax: (714) 908-2615
Email: bankruptcy@zbslaw.com

Attorney(s) for Movant, U.S. Bank National Association, not in its individual capacity, but solely as Trustee for the RMAC Trust, Series 2016-CTT

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>Patricia Ann Vaughn,<br><br>    Debtor. | CASE NO.: 17-30233<br><br>RS No.: EMM-1<br><br>Chapter: 13<br><br>MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)<br><br>Hearing:<br>Date:     April 5, 2018<br>Time:    9:30 a.m.<br>Crtrm:   17<br>Location:  United States Bankruptcy Court<br>               450 Golden Gate Ave.<br>               San Francisco, CA 94102<br><br>Judge Dennis Montali |

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)**

COMES NOW U.S. Bank National Association, not in its Individual Capacity, but solely as Trustee for the RMAC Trust, Series 2016-CTT ("Movant") through the undersigned counsel and moves this Court, pursuant to 11 U.S.C. §362, for Relief from the Automatic Stay with respect to certain real property of the Debtor. The facts and laws supporting this Motion are set forth below and in the Declaration in Support of Movant's of Motion for Relief from the

1

MOTION FOR RELIEF FROM THE AUTOMATIC STAY (REAL PROPERTY)

Automatic Stay (Real Property) filed contemporaneously herewith (the "Declaration").

## FACTUAL BACKGROUND

1. On May 18, 2007, April Shabazz, a married woman as her sole and separate property ("Borrower") executed a Deed of Trust and Promissory Note in the principal sum of $1,949,000.00 to secure real property known as 1799 Germano Way, Pleasanton, California 94566 (the "Property"). The Promissory Note is attached to the Declaration as **Exhibit "1"** (the "Loan"). Debtor herein, Patricia Ann Vaughn, was not a borrower on the Loan and held no interest in the property at Loan origination.

2. Purusant to the Deed of Trust, all obligations of the Borrower under the Promissory Note and Deed of Trust with respect to the Loan are secured by the Property. A true and correct copy of the Deed of Trust is attached to the Declaration as **Exhibit "2"**.

3. Movant is the orignal mortgagee or beneficiary or the assignee of the Deed of Trust. A true and correct copy of the Assignment is attached to the Decalaration as **Exhibit "3"**.

4. Rushmore Loan Management Services, LLC ("Rushmore") services the Loan for the proeprty and makes the accompanying declaration in support of the within motion, as it has first-hand knowledge of the Loan file and all records related to the subsequent foreclosure of the Property.

5. Rushmore is now aware that on or about February 24, 2016, borrower April Shabazz executed a Grant Deed without the approval of Movant and/or this Court. The Grant Deed purports to convey an interest in the Property to Patricia Ann Vaugh an unmarried woman as Joint Tenants with Rights, debtor herein, appartenlty for the sole purpose of initiating a stay of the imepnding foreclsoure due to Ms. Vaughn's bankruptcy. This Grant Deed was recorded on Februrary 24, 2016. A true and correct copy of the Unauthorized Grant Deed is attached to the Declaration as **Exhibit "4"**. The Deed of Trust provides that if a borrower attempts to transfer beneficial interest in the Property without the Lender's prior written consent, the Lender may option of acceleration. *(See Exhibit "2").*

6. On March 13, 2017, a petition under Chapter 13 of the United States Bankruptcy Court was filed with respect to Debtor, Patricia Ann Vaughn.

7.  As of February 28, 2018, there are one or more defualts in paying Debtor's Mortgage payments with respect to the Promissory Note. Debtor owes a minimum outstaning obligation amount of $2,909,192.90.

8.  Pursuant to the Promissory Note, an additional monthly payment in the amount of $12,101.32 will come due on April 1, 2018.

9.  In addition to other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $850.00 in legal fees and $181.00 in costs. Movant reserves all rights and seeks an award or allowance of such fees and costs in accordance with applicable loan documents and related agreements, the Bankruptcy Code and other applciable law.

10. The following chart sets forth those post-petition payments, due pursuant to the terms of the Note, that have been missed by the Debtor as of February 28, 2018:

| # of Missed Payments | From | To | Missed Monthly P&I | Missed Monthly Escrow | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 12 | 4/1/17 | 3/1/18 | $9,726.40 | $2,374.92 | $12,101.32 | $145,215.84 |
| Less Post-Petition Partial Payments (Suspense Balance): | | | | | | ($0.00) |

**Total:$145,215.84**

## LAW AND ARGUMENT

1.  Pursuant to the provisions of 11 U.S.C. §361 (d)(1) relief from the automatic stay shall be granted for "cause." As set forth in *In re Ellis*, 60 B.R. 432 (B.A.P. 9th Cir. 1985), failure to make post-petition payments can constitute cause for termination of the automatic stay. As set forth above and in the Declaration filed in support of herewith, Debtor has failed to make 12 post-petition payments.

2.  Pursuant to provisions of 11 U.S.C. §361 and §362(d)(1), Movant is entitled to adequate protection of its interest in the Property. *In re Pliss,* 34 B.R. 432 (Bankr. D. Or. 1983). The failure to provide Movant with adequate protection is ground for granting Movant relief from the automatic stay. Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Promissory Note, plus the repayment of any and

all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion. Since the filing of the instant bankruptcy petition Debtor has failed to make the normal cash payments called for by the Promissory Note.

3. As of February 28, 2018, Borrower was due for her February 1, 2011 payment. Movant is informed that Debtor is unable or unwilling to provide adequate protection to Movant and there is no probability that adequate protection would be provided to Movant within a reasonable time. As such Movant is entitled to relief from stay under 11 U.S.C. §362(d)(1), based upon the failure of the Debtor to provided adequate protection to Movant.

4. Movant alleges that cause exists to grant relief from the automatic stay, as the present case was filed or is being utilized in bad faith with the sole purpose to hinder and delay Movant from exercising its state laws remedies to foreclose and obtain possession of the Property. Accordingly, Movant is seeking relief pursuant to 11 U.S.C. §362(d)(4) to prevent future abuse of the bankruptcy process.

5. A debtor's bad faith in filing a petition constitutes cause for granting relief from stay. *In re Duvar Apt.*, *Inc.*, 205 B.R. 196, 200 (9th Cir. BAP 1996). What constitutes "good faith" depends upon all the circumstances of the particular case. *In re Goeb*, 675 F.2d 1386 (9th Cir. 1982); *In re Warner*, 115 B.R. 233 (Bkrtcy. C.D.Cal 1989). In *In re Powers*, 135 B.R. 980 (Bkrtcy C.D.Cal 1991), the court articulated the totality of circumstances test as follows: "Whether or not, under all circumstances of the case there has been an abuse of the provisions, purpose, and spirit of the Bankruptcy Code." *Id.* at 994.

6. Under 11 U.S.C. §105(a), this Court has the power to fashion and may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from sua sponte, taking action or making any determination necessary or appropriate to enforce or implement court order or rules, or to prevent an abuse of process.

7. In addition to the fraudulent attempt to transfer interest in the Property to Debtor, the instant bankruptcy is the **fifth** bankruptcy filed affecting the Debtor and/or the Property.

8. The **first** bankruptcy case affecting the Property was filed by Borrower, April Shondell Vaughn-Shabazz, as a Chapter 13 case on February 2, 2010 under case number 10-41123. On or about May 18, 2010, the Court entered an Order of Dismissal Prior to Confirmation; the case as subsequently terminated on June 22, 2010. A true and correct copy of the court docket is attached to the Declaration as **Exhibit "5"**.

9. The **second** bankruptcy case affecting the Property and/or the Debtor was filed by Debtor, Patricia Ann Vaughn, as a Chapter 13 case on March 29, 2010 under case number 10-31083. On or about April 8, 2016, an Order Discharging Debtor after completion of the Chapter 13 Plan was entered. The case was subsequently terminated on December 28, 2016. A true and correct copy of the court docket is attached to the Declaration as **Exhibit "6"**.

10. The **third** bankruptcy case affecting the Property was filed by Borrower, April Shondell Vaughn-Shabazz, as a Chapter 13 case on June 7, 2010 under case number 10-46493. On or about September 10, 2010, an Order of Dismissal Prior to Confirmation; the case was subsequently terminated on October 14, 2010. A true and correct copy of the court docket is attached to the Declaration as **Exhibit "7"**.

11. The **fourth** bankruptcy case affecting the Property was filed by Borrower, April Shondell Vaughn-Shabazz, as a Chapter 11 case on June 15, 2012 under case number 12-45116. On or about May 15, 2013, an Order Converting Case to Chapter 7 was entered. On or about October 21, 2013, an Order Approving Debtors Waiver of Discharge; the case was subsequently terminated on November 25, 2013. A true and correct copy of the court docket is attached to the Declaration as **Exhibit "8"**.

12. The **fifth** and instant bankruptcy case affecting the Property was filed by Debtor, Patricia Ann Vaughn, as a Chapter 13 case on March 13, 2017 under case number 17-30233 halting foreclosure efforts as to the Property. A true and correct copy of the court docket is attached to the Declaration as **Exhibit "9"**.

## PRAYER FOR RELIEF

WHEREFORE, Movant prays that this Court issue and Order terminating or modifying the stay and granting the following:

1. Relief from Stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other Chapter of Title 11 of the United States Code.

3. For an Order that 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. That the Order, if recorded in compliance with applicable state laws governing notices of interest or liens in the Property, be binding and effective under 11 U.S.C §362(d)(4)(a) and (b) in any other bankruptcy cases purporting to affect the Property filed no later than two (2) years after the date of entry of the Order, except that a debtor in a subsequent bankruptcy case may move for relief from the Order based upon changed circumstances or for good cause shown after notice and a hearing. Any federal, state, or local governmental unit that accepts notices of interests or liens in real property shall accept a certified copy of the Order for indexing and recording.

5. Movant, as its option, may offer, provide and enter into any potential forebearance agreement, loan modification, refinance agreement or other loss mitigation agreement as allowed by state law.

6. Movant may contact Debtor to comply with California Civil Code §2923.50 or §2923.55 as necessary.

7. For such other relief as the Court deems proper.

Dated: 3/20/2018  **ZIEVE, BRODNAX & STEELE, LLP**

By: /s/ Erin M. McCartney
Erin M. McCartney
Mark S. Krause
Jonathan J. Damen
Attorney(s) for Movant.